IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO.: 3:09CV465-V

| | |
|---|---|
| IN RE: )<br>ESA ENVIRONMENTAL SPECIALISTS, )<br>INC., )<br>        Debtor. )<br>_____ )<br>)<br>STANLEY MARVIN CAMPBELL, )<br>Trustee, )<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>NATHAN M. BENDER, )<br>        Defendant, )<br>)<br>        v. )<br>)<br>PROSPECT CAPITAL CORPORATION, and )<br>STANLEY MARVIN CAMPBELL, Trustee )<br>in Bankruptcy for ESA ENVIRONMENTAL )<br>SPECIALISTS, INC., )<br>        Counterclaim Defendants. )<br>_____ ) | *Bankruptcy Case No.: 07-31532*<br>*Chapter 7*<br><br><br><br><br><br>*Bankruptcy Adversary Proceeding*<br>*Case No.: 09-3144* |

## ORDER WITHDRAWING BANKRUPTCY COURT REFERENCE
## OF ADVERSARY PROCEEDING

**THIS MATTER** is before the Court upon the recommendation of U.S. Bankruptcy Judge

George R. Hodges and Order Recommending Withdrawal of Reference, filed October 29, 2009.

(Document #1) The Order was transmitted the same day to this district court pursuant to 28 U.S.C.

§157(d)[1] and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

---

[1] Title 28, United States Code, Section 157(d) reads:

The district court may withdraw, in whole or in part, any case or proceeding referred
under this section, on its own motion or on timely motion of any party, for cause shown.

Withdrawal of the bankruptcy reference is requested by Adversary Proceeding Defendant Nathan M. Bender ("Bender") on multiple grounds, including the recent transfer of a related civil action to this district from the Southern District of New York.[2] With respect to the Adversary Proceeding itself, the Trustee alleges voidable preference and fraudulent transfer theory and questions the validity of certain payments received by Bender from ESA, and expenses paid by ESA, presumably on Bender's behalf or at his direction. (Motion, ¶¶1,5; Adversary Proceeding Complaint ¶¶7,8) Bender seeks a jury trial with respect to the Trustee's claims against him and also asserts counterclaims seeking declaratory judgment and injunctive relief.[3] (Motion, ¶¶2,3) Because Bender does not consent to the jurisdiction of the bankruptcy court for purposes of adjudicating these issues, cause exists to withdraw the reference. *See* 28 U.S.C. §157(e) (express consent required for bankruptcy court to preside over jury trial where Seventh Amendment provides right to jury trial); In re Clay, 35 F.3d 190, 191, 198 (5th Cir. 1994); In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993).

The Order Recommending Withdrawal of Reference was served on all interested parties by the Bankruptcy Court and no objections have been filed in response. For the reasons explained by

---

The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

[2] The related action from the Southern District of New York is also assigned to this district judge. *See Prospect Capital Corporation, individually, and derivatively on behalf of ESA Environmental Specialists, Inc. v. Bender, et al.*, WDNC Civil Action 3:09CV546 (SDNY Action No.: 09-CV-826). According to Bender, the derivative claims brought by Prospect in the related action involve the same transactions challenged by the Trustee in the Adversary Proceeding.

[3] Bender characterizes his Counterclaims as "non-core." As such, the bankruptcy court is prohibited from entering final judgment as to those claims. *See* 28 U.S.C. §157(c)(1).

counsel for Defendant Bender, and in the absence of opposition, the Court finds withdrawal of the reference is proper.

**IT IS, THEREFORE, ORDERED THAT:**

1) The October 29, 2009 Recommended Order is hereby **ADOPTED** and incorporated by reference;

2) The bankruptcy reference in Adversary Proceeding No.:09-3144, is hereby **WITHDRAWN**; and

3) The Deputy Clerk shall forward a copy of the instant Order to all interested parties[4] as well as the U.S. Bankruptcy Court for the Western District of North Carolina and specifically The Honorable George R. Hodges, U.S. Bankruptcy Judge.

Signed: January 20, 2010

Richard L. Voorhees
United States District Judge

---

[4] The Court's case management and electronic case filing system may already have the relevant persons and entities identified as interested parties. However, the Deputy Clerk is simply asked to verify service of the instant Order by comparing the system's service list with the Certificate of Service attached to Bender's motion and memorandum of law in support of withdrawal of reference.