**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:09cv465**
**[consolidating 3:09cv465 & 3:09cv546]**

| | | |
|---|---|---|
| **STANLEY MARVIN CAMPBELL,** | ) | |
| **Trustee in Bankruptcy for ESA** | ) | |
| **ENVIRONMENTAL SPECIALISTS,** | ) | |
| **INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **3:09cv465** |
| | ) | |
| **NATHAN M. BENDER,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **PROSPECT CAPITAL CORPORATION;** | ) | |
| **and STANLEY MARVIN CAMPBELL,** | ) | |
| | ) | |
| **Counterclaim Defendants.** | ) | |
| | ) | |
| _____ | ) | **ORDER** |
| | ) | |
| **PROSPECT CAPITAL CORPORATION,** | ) | |
| **Individually and derivatively on behalf of** | ) | |
| **ESA ENVIRONMENTAL SPECIALISTS,** | ) | |
| **INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **3:09cv546** |
| | ) | |
| **NATHAN M. BENDER; DAVID C.** | ) | |
| **EPPLING; JACOB COLE; JOHN M.** | ) | |
| **MITCHELL; SHELTON SMITH;** | ) | |
| **SANDRA DEE COLE; MICHAEL** | ) | |
| **ANTHONY HABOWSKI; DENNIS** | ) | |
| **M. MOLESEVICH; TRACEY HAWLEY;** | ) | |
| **CHERRY BEKAERT & HOLLAND LLP;** | ) | |
| **ELLIOT AND WARREN; ADKISSON,** | ) | |
| **SHERBERT & ASSOCIATES; HOULIHAN** | ) | |
| **SMITH; CHESTER J. BANULL; and** | ) | |
| **SUNTRUST BANKS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Case 3:09-cv-00465-MOC-DCK   Document 22   Filed 09/02/11   Page 1 of 18

**THIS MATTER** is before the court on counterclaim defendant Prospect Capital Corporation's (hereinafter "Prospect") Motion to Dismiss (#6) filed in the 3:09cv465 case (hereinafter the "adversary proceeding"), defendant Cherry, Beckaert & Holland L.L.P.'s (hereinafter "CBH") "Notice of Motion" deemed to be a Motion to Dismiss (#52) filed in the 3:09cv546 case (hereinafter the "civil case") on May 15, 2009, and Adkisson, Sherbert & Associates, Cherry Bekaert & Holland LLP, Elliot & Warren, Houlihan Smith & Co., Inc., Nathan M. Bender, Jacob Cole, Sandra Dee Cole, David C. Eppling, Tracey Hawley, John M. Mitchell, Dennis M. Molesevich, and Shelton Smith's "Notice of Motion" deemed to be a Motion to Dismiss (#56) filed May 15, 2009. These motions are ripe for disposition. As both action share a common nucleus of operative facts, the court will join these proceedings for pretrial proceedings only.

On July 20, 2011, oral arguments were heard. In the run up to the hearing, it became apparent that at least one party was permitted to proceed *pro hac vice* without local counsel. Local counsel is necessary for *pro hac vice* admission and to continue to practice *pro hac vice;*[1] in addition, this court conducts hearings on dispositive motions at which all counsel are expected to attend, and through having local counsel, parties who do not have a stake in the motion may avoid incurring substantial travel costs. To that end, all parties who do not have local counsel will be required to retain local counsel by September 16, 2011, and have counsel enter their appearance.

Having carefully considered the motions in these consolidated actions, the court enters the following findings, conclusions, and Order

---

[1]      *See* L.Cv.R. 83.1 and compare with special admission.

## FINDINGS AND CONCLUSIONS

I. **Nature of the Action**

    A.     **The Civil Action Filed by Prospect**

Like a number of civil and criminal cases this court has recently considered, this action concerns the allegedly fraudulent procurement of funds from a lender. In this case, it is alleged that the officers and directors of formerly Charlotte-based ESA Environmental Specialists, Inc. (hereinafter "ESA" or "ESA defendants") conspired with contractor defendants, and perhaps others, to divert over $12,000,000.00 in loan proceeds to their own use through a *Ponzi* scheme. The keystone of the alleged scheme was for the contractor defendants to generate invoices for construction services never performed and supplies never purchased, which were in turn presented to Prospect by the ESA defendants to justify draws on the loan. As the scheme played out, ESA was unable to repay the debt and sought the protection of the bankruptcy court in this district. In bankruptcy, Prospect purchased the assets of ESA.

Prospect has sued a number of the individual defendants (many former officers and directors of ESA) for what it claims are violations of 18 U.S.C. § 1961 and 18 U.S.C. § 1962. Prospect asserts a derivative claim for breach of fiduciary duty and for waste of corporate assets against former officers and directors of ESA. It has sued SunTrust Bank for breach of contract and has sued Houlihan Smith & Co., Inc., Cherry Bekaert & Holland, Elliot & Warren, and Adkisson Sherbert Associates for professional negligence in providing inaccurate financial information, or "earnings reports." Finally, it has sued Defendant Banull, an appraiser, for providing an incorrect real estate appraisal. Prospect does not allege that any of the professional defendants were complicit in the Ponzi scheme or played any role in the alleged civil RICO conspiracy.

Plaintiff's Amended Complaint contains twelve separate claims: Fraudulent

Misrepresentation; Negligent Misrepresentation; RICO Violations; Conspiracy to Commit RICO Violations; Breach of Fiduciary Duties; Waste of Corporate Assets; Breach of Contract; and five separate Negligence claims. More specifically, the Amended Complaint contains: (1) claims for fraudulent and negligent misrepresentation against Defendant Bender (Counts I and II); (2) claims against Defendants Bender, Eppling, Jake Cole, Mitchell, Smith, Mrs. Cole, Habowski and Molesevich (collectively, the "RICO Defendants") for alleged RICO violations (Count III) and claims against the RICO Defendants and Defendant Hawley for conspiracy to violate RICO (Count IV); (3) derivative claims purportedly brought on behalf of ESA against former Officers and Directors of ESA for breach of fiduciary duties and corporate waste (Counts V and VI); (4) a breach of contract claim against Defendant SunTrust (Count VII); and (5) nearly identical negligence claims against the Professional Defendants and Defendant Banull (Counts VIII, IX, X, XI and XII). See Complaint at ¶¶ 108-200.

As to the motions to dismiss, review of the docket reveals that there are two motions to dismiss pending, which are captioned as "notices" of motions. Apparently, the practice in New York is somewhat different than the practice in this district. Complicating matters, defendants filed the dispositive motion jointly, citing different grounds, and then filed separate briefs. The court notes that it took seven footnotes in the second "Notice of Motion" to explain which parties joined in each aspect of the motion. The practice in this court is for a defendant or a group of similarly situated defendants with common representation to file their own motion and supporting brief. In any event, the court will deem each notice to be a motion and, it appearing that each motion has been fully briefed, the court will dispose of those motions herein.

## B.     The Adversary Proceeding

Also pending is a Motion to Dismiss in the adversary proceeding, the reference of

which to the bankruptcy court was withdrawn. In the adversary proceeding, the Trustee seeks to recover certain preferential transfers to Defendant Bender by ESA. While it might be inappropriate to try the adversary proceeding with the civil action, the court will consolidate the actions for pretrial management inasmuch as they share a common nucleus of operative facts. If the parties are able to amicably resolve the adversary proceeding, the court will be in the position to remove the adversary proceeding and remand it to the bankruptcy court.

The Motion to Dismiss filed by Prospect in the adversary proceeding concerns a counterclaim filed by Mr. Bender against Prospect, which Prospect seeks to dismiss. In sum, Prospect asserts under Bankruptcy Rule 7012(b) and Rule 12(b), Federal Rules of Civil Procedure, that this court lacks subject matter jurisdiction to hear Mr. Bender's counterclaims. Prospect argues that Jurisdiction under 28 U.S.C. § 1334 does not exist because adjudication of the Counterclaims fails to meet the Pacor test for "related to" jurisdiction in this circuit. A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 1002 n.11 (4th Cir. 1986) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984)). Prospect goes on to argue that even if this court at one time had jurisdiction over the Counterclaims, jurisdiction lapsed when the derivative claims ceased to be property of the estate upon their sale to Prospect. Further, Prospect contends that this court lacks authority under Section 105(a) of the Bankruptcy Code to enjoin the prosecution of the above civil action, which involves only non-debtor third parties. Finally, Prospect argues that the counterclaims constitute an impermissible collateral attack on the sale order that authorized the transfer of the derivative claims to Integrated Contract Services, a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

Prospect's motion, though ripe for over a year, was not argued at the hearing. The parties have informed the court that a settlement agreement has been reached between

Prospect and the ESA defendants, but that time is needed for the bankruptcy courts in this district and the District of South Carolina[2] to approve such settlement. While that is understandable, the time clock under the Civil Justice Reform Act has run out on the Motion to Dismiss. Despite the well reasoned arguments recited above, the court will deny the Motion to Dismiss in the adversary proceeding without prejudice. If such settlement is not approved, Prospect may file a new motion on October 4, 2011. Absent such filing, the court anticipates that the parties will by that date either file a CIAC, a Rule 41 dismissal, or other pleading.

## II. Motions to Dismiss in the Civil Action

In accordance with the briefing order entered by this court, the following defendants have filed supplemental briefs in support of the motions to dismiss in the civil action, including:

(1)     Adkisson, Sherbert & Associates (#146);

(2)     Dennis M. Molesevich (#147);

(3)     Cherry Bekaert & Holland L.L.P. (#148);

(4)     Elliot & Warren (#149); and

(5)     Nathan M. Bender, Jacob Cole, David C. Eppling, Tracey Hawley, John M. Mitchell, Shelton Smith (#161)

Prospect filed a consolidated response to the briefed motions (#154). With the exception of the ESA defendants,[3] the defendants that filed supplemental briefs in support then filed replies to Prospect's response. See docket entries # 155, #156, # 157, & #158.

### A.     The ESA Defendants

_____

[2]     Apparently, Mr. Cole is proceeding in bankruptcy in the District of South Carolina.

[3]     With leave of court, these defendants filed their supporting brief after Prospect's consolidated response.

Nathan M. Bender, Jacob Cole, David C. Eppling, Tracey Hawley, John M. Mitchell, Shelton Smith (the "ESA defendants") have moved to dismiss. The substance of the motion to dismiss by the former ESA officers will not be addressed at this time as it appears that a settlement has been reached.

As with the settlement in the adversary proceeding, the CJRA time clock has run out on the Motion to Dismiss (#56). As a matter of housekeeping, the court will deny the Motion to Dismiss (#56) filed by these defendants without prejudice. If such settlement is not approved, the ESA defendants may file a new motion on October 4, 2011. Absent such filing, the court anticipates that the parties will file a Rule 41 dismissal.

**B.     The Professional Defendants**

**1.     Non-Diverse Professional Defendants**

The non-diverse professional defendants (Cherry, Bekaert & Holland, LLP ("CBH") and Elliot & Warren ("EW")) have moved to dismiss the claims against them in accordance with Rule 12(b)(1), contending that subject matter jurisdiction is lacking. It is undisputed that diversity and federal question jurisdiction do not exist over these defendants; instead, Prospect is relying on pendent party jurisdiction. For the reasons discussed below, the court finds that it lacks subject matter jurisdiction over the claims asserted against the non-diverse defendants and will not reach other arguments concerning the viability of such claims.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit or the claims asserted against a particular party. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first

–7–

time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

In this case, the issue is whether this court should exercise its pendent jurisdiction over the state law claims asserted against the non-diverse defendants. The Supreme Court has held, as follows:

> Once there is a civil action presenting a qualifying claim arising under federal law, § 1331's sole requirement is met. District courts, we have held, may then adjudicate, additionally, state-law claims "deriv[ing] from a common nucleus

–8–

of operative fact." *Gibbs*, 383 U.S., at 725, 86 S.Ct. 1130. Section 1367(a) enlarges that category to include not only state-law claims against the defendant named in the federal claim, but also "[state-law] claims that involve the joinder or intervention of additional parties."

Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 588 (2005)(footnote omitted).

In interpreting what constitutes a common nucleus of operative facts under United Mine Workers v. Gibbs, 383 U.S. 715 (1966), the Court of Appeals for the Fourth Circuit has long held, as follows:

once a district court had valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction over additional state claims if they arose out of "a common nucleus of operative fact" such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding.

White v. County of Newberry, S.C., 985 F.2d 168, 171 (4th Cir. 1993)(citation omitted).

Applying that test to Prospect's claims against the non-diverse professional defendants, it is clear that the claims for professional negligence against them bear no relationship to the *Ponzi* scheme which is at the heart of plaintiff's federal claim over which this court clearly has jurisdiction. Reading the Amended Complaint in a light most favorable to plaintiff, Prospect contends that a more careful financial review by the professional defendants would have resulted in financial statements that reflected ESA's lack of fiscal health; however, plaintiff has not alleged that these non-diverse professional defendants' negligence "arose out of" the facts supporting its federal claim. In other words, there are absolutely no allegations that the non-diverse professional defendants had any involvement in the *Ponzi* scheme, the conduct underlying the civil RICO claim, or in any manner were part of the alleged civil RICO conspiracy.

The court has also considered whether the federal claims and the state law claims are the type of claims that would ordinarily be tried together "in one judicial proceeding." Id. Clearly, the answer to that inquiry is "no," as the court would expect that such joinder would be *misjoinder* under Rule 21 and result in a motion to sever. Not only are the claims

–9–

unrelated, there is a high likelihood of undue prejudice to the allegedly negligent defendants from having to defend their actions alongside defendants accused in a civil RICO conspiracy. The court will, therefore, dismiss the action against the non-diverse defendants without prejudice for lack of subject-matter jurisdiction.

### 2. The Diverse Professional Defendant

Defendant Adkisson Sherbert & Associates ("ASA") is diverse from plaintiff and has withdrawn its Motion to Dismiss based on a lack of personal jurisdiction. The court finds that diversity jurisdiction exists between Prospect and ASA. Instead, ASA moves to dismiss under Rule 12(b)(6) based on failure to state a claim for professional negligence and negligent misrepresentation.

### a. Professional Negligence

Plaintiff alleges that "as part of due diligence process for the loan, Prospect justifiably relied upon inaccurate financial reports that Adkisson Sherbert [ASA] prepared," and that "[ASA] knew or should have known that lenders (such as Prospect) would be relying on its quality of earnings reports in deciding whether to extend credit to ESA." First Amended Complaint (#4), ¶¶ 75-76. Prospect alleges that ASA provided earnings reports that addressed ESA's earnings; that ASA owed a duty of care not just to ESA, but also to persons and entities that it reasonably knew would rely upon its earnings reports; that lenders such as Prospect would in fact rely on the earnings reports; that ASA negligently provided incorrect earnings reports; and that Prospect reasonably relied on ASA's inaccurate reports. Id., at ¶¶ 90-94.

ASA contends that Prospect made no allegations about the nature of the relationship between ASA and ESA or allegations about the profession in which ASA was engaged or the professional standard, if any, that was allegedly breached by ASA. In addition, ASA contends that Prospect did not allege (1) the date or content of the alleged inaccurate earnings

reports, (2) the manner in which the earnings reports were inaccurate, (3) the manner in which any loss was caused to Prospect, or (4) the manner in which ASA communicated with Prospect. ASA has moved to dismiss under Rule 12(b)(6). The court concurs in ASA assessment of the deficiencies of the Amended Complaint.

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions. First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see

-11-

Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal,

-12-

129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Twombly</u>, 550 U.S. at 555.

While there is debate as to whether substantive New York or North Carolina law would apply, the court need not resolve that issue at this time. Instead, it is clear that these allegations would not satisfy the federal pleading standard under Rule 8 and Rule 12(b)(6) to plausibly allege professional negligence under New York or North Carolina law. Rather than dismiss the case, the court will allow plaintiff an opportunity to amend its Complaint, this time alleging plausible facts that would support a professional negligence claim. In amending its Amended Complaint, Prospect should pay particular attention to (1) the precise financial report/earnings report/or financial statement it contends was negligently prepared and attach that report as an exhibit to the Complaint, (2) the nature of the relationship between ASA and ESA, (3) including a specific allegation as to the profession in which ASA was engaged and the professional standard, if any, that was allegedly breached by ASA; (4) the manner in which the reports were inaccurate, (5) the manner in which Prospect relied on such report to its financial detriment, and (4) the manner in which ASA communicated such report or other information to Prospect.

While leave will be granted to amend, the amendment may not cure the Rule 12 concerns and the court may also be persuaded to sever this cause of action for misjoinder under Rule 21, Federal Rules of Civil Procedure. Further, as the court has not reached the issue of which state's law is applicable, Prospect may wish to consider pleading in the alternative as provided for in Rule 8(d)(2). Plaintiff and ASA are encouraged to discuss an amicable resolution of this claim in the 14 days the court will allow for amendment.

The Motion to Dismiss under Rule 12(b)(6) is denied without prejudice, and plaintiff

-13-

is allowed to amend its Amended Complaint as discussed above within 14 days.

### b. Negligent Misrepresentation

Prospect also seeks to plead a claim for negligent misrepresentation against ASA under the Restatement Second of Torts, § 552, which was adopted by the North Carolina Supreme Court in <u>Raritan River Steel v. Cherry Bekaert & Holland</u>, 322 N.C. 200 (1988). In relevant part, the essential elements of a Section 502 claim of negligent misrepresentation are, as follows:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) ... [T]he liability stated in Subsection (1) is limited to loss suffered
>
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>>
>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

<u>Id.</u>, at 209. While reciting the elements of the claim, ASA contends that the Amended Complaint fails to allege plausible facts that would support each element of the claim.

The court agrees, but does not find that dismissal is appropriate at this point as the Amended Complaint was filed in early 2009, three months before the Supreme Court issued its decision in <u>Ashcroft v. Iqbal</u>, <u>supra</u>. While <u>Twombley</u> was extant at the time the original Complaint was amended, its import was not brought home until <u>Iqbal</u> was handed down in May 2009. Again, rather than dismiss this claim under Rule 12(b)(6), Prospect will be allowed an opportunity to reassert this claim through amendment and the Motion to Dismiss will be denied without prejudice. Prospect is cautioned that the court will expect plausible factual allegations that support its claim. As the Restatement requires, the court will be

-14-

looking in particular for plausible factual allegations that ASA provided *false* information, not just that it supplied incomplete, inaccurate, or negligently gathered information. The parties are encouraged to attempt to resolve this action during the 14 days allowed for amendment.

### 3.    The Construction Defendants

Defendant Dennis M. Molesevich has moved to dismiss the RICO and fraud claims asserted against him based on Rules 9(b) and 12(b)(6). <u>See</u> Memorandum in Support (#147). Defendant Sandra Dee Cole, while she did not file a supplemental memorandum, joined in such argument at the conclusion of the hearing, and the court will consider the arguments made by Defendant Molesevich as also made by Ms. Cole.

While Defendant Molesevich's argument for dismissal raises concerns as to the sufficiency of the RICO allegations against him in the Amended Complaint and the lack of specificity in alleging fraud as required by Rule 9(b), Prospect responds that the court should consider the allegations contained in the "RICO Statement" (#89), which is a document required by the Southern District of New York (as well as a handful of other districts). Prospect argues that when the allegations of the Complaint are considered along with this statement, the claims would survive Rule 9(b) and Rule 12(b)(6) scrutiny. The court agrees with Prospect's analysis, but fundamentally disagrees with setting forth allegations – in this case, very serious allegations – in a document other than a complaint for the simple reason that a defendant has no readily available method for answering such allegations.

Prospect argues that RICO case statements are regularly considered and are required in some districts (but not the Western District of North Carolina) as part of a RICO pleading and are a part of the record before this court. <u>See</u> <u>Sadighi v. Daghighfekr</u>, 36 F.Supp.2d 279, 287 (D.S.C. 1999) (considering Amended Complaint and RICO Case Statement in determining a Rule 12(b)(6) motion where the Amended Complaint alone may not have

adequately alleged RICO claims); <u>Nat'l Org. for Women v. Scheidler</u>, 510 U.S. 249, 253 (1994) (considering complaint and RICO case statement filed pursuant to local rule). Further, while there is an exception that allows for relaxed pleading requirements where the defendants are corporate insiders, <u>Andrews v. Fitzgerald</u>, 823 F.Supp. 356, 373-74 (M.D.N.C. 1993), that exception does not apply to the corporate outsiders such as Defendant Molesevich.

When the RICO statement is considered as to Defendant Molesevich, Prospect has provided notice of multiple fraudulent transactions facilitated by the use of the mails over an extended period of time. The court will allow Prospect an opportunity to amend its Complaint to reassert its claims against Mr. Molesevich and Ms. Cole (and any other defendant who is subject to such claims). Rather than file a RICO statement, Prospect is instructed to include all allegations that would support its claims in its Amended Complaint. Prospect will be allowed 14 days to file such amendment. [4]

## ORDER

**IT IS, THEREFORE, ORDERED** that the above captioned actions are **CONSOLIDATED** for purposes of pretrial management only;

**IT IS FURTHER ORDERED** that

(1)    counterclaim defendant Prospect Capital Corporation's Motion to Dismiss (#6) filed in 3:09cv465 is **DENIED** without prejudice and a new motion to dismiss may be filed on October 4, 2011. If such is not filed by such date, the parties to such action shall file a CIAC, a Rule 41 dismissal, or other pleading by such date moving this action forward;

---

[4]    While it has been argued that Prospect cannot amend its Amended Complaint because of a bench rule of the presiding judge in the Southern District of New York concerning filing amendments within 10 days of moving to dismiss, even a local rule cannot change the working of a federal rule, and Rule 15 leaves it to this court's discretion to allow amendment at any time. <u>See</u> Fed.R.Civ.P. 15.

(2)     defendant Cherry, Beckaert & Holland L.L.P.'s and Elliot & Warren's "Notice of Motion" (#52) filed in 3:09cv546 is **DEEMED** to be a Motion to Dismiss and is **GRANTED,** and the action against Cherry, Beckaert & Holland L.L.P. and Elliot & Warren is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

(3)     Adkisson, Sherbert & Associates's Motion to Dismiss (#52) filed in 3:09cv546 is **DENIED** without prejudice, and Prospect is **GRANTED** leave to file an Amended Complaint within 14 days as instructed above;

(4)     Defendant Dennis M. Molesevich's and Defendant Sandra Dee Cole's Notice of Motion" (#56) filed in 3:09cv546 is **DEEMED** to be a Motion to Dismiss (#56) and is **DENIED** without prejudice, and Prospect is **GRANTED** leave to file an Amended Complaint within 14 days as instructed above; and

(5)     the Motion to Dismiss (#56) filed in 3:09cv546 is otherwise **DENIED** without prejudice.  The ESA defendants who have reached a settlement with Prospect in 3:09cv546 may file a new motion on October 4, 2011, if their settlement is not approved by that date.   If such is not filed, the parties to this action shall file a CIAC, a Rule 41 dismissal, or other pleading by such date that moves this action forward.

The Clerk of this Court is respectfully instructed to refer these consolidated actions to Honorable David C. Keesler, United States Magistrate Judge, for pretrial management and consideration of all future motions short of summary judgment.

Signed: September 2, 2011

Max O. Cogburn Jr.
United States District Judge