IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-CV-465-MOC-DCK

| | |
|---|---|
| **STANLEY MARVIN CAMPBELL**, Trustee in Bankruptcy for ESA ENVIRONMENTAL SPECIALISTS, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **PROSPECT CAPITAL CORPORATION**, individually and derivatively on behalf of ESA ENVIRONMENTAL SPECIALISTS, INC., | ) ) ) ) ) |
| Consolidated Plaintiff, | ) ) |
| v. | ) ) |
| **HOULIHAN SMITH & COMPANY, INC., ADKISSON, SHERBERT & ASSOCIATES, SANDRA DEE COLE, MICHAEL ANTHONY HABOWSKI, DENNIS M. MOLESEVICH,** and **SUNTRUST BANKS, INC.**, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on Defendant Adkisson Sherbert Associates, P.A.'s "Motion To Permit Filing Of Materials Under Seal" (Document No.74) and "Plaintiff Prospect Capital Corporation's Motion For A Protective Order..." (Document No. 79). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will grant Defendant's motion to seal, and grant in part and deny in part Plaintiff's motion for protective order.

Defendant Adkisson Sherbert Associates, P.A. ("ASA" or "Defendant") seeks leave from

the Court to file under seal: (1) a motion to enforce settlement agreement; (2) the affidavit of Frederick K. Sharpless, attorney for ASA, attesting to settlement negotiations and authenticating relevant documents that will be attached as exhibits; (3) written communications between counsel for Plaintiff Prospect Capital Corporation ("Prospect" or "Plaintiff"); (4) a brief in support of its motion to enforce settlement agreement; and (5) other documents related to the alleged settlement agreement. (Document No. 74, pp.2-3).

Defendant contends that these documents will assist the Court in determining whether ASA and Prospect reached a settlement agreement on November 22, 2011. Id. Defendant reports that ASA and Prospect agree that any documents filed should be sealed from both the public and the other parties in this litigation, but do not agree on which documents ASA should be permitted to file. Id. ASA and Prospect also disagree as to whether economic terms should be redacted if any of these documents are filed. (Document No. 74, p.4).

In response, Plaintiff agrees that whatever ASA files related to "the confidential unexecuted and undelivered draft proposed settlement agreement that ASA contends is enforceable against Prospect (the 'Unexecuted and Undelivered Draft Agreement' or 'UUDA') *must be filed under seal*." (Document No. 81, p.2). However, Plaintiff opposes Defendant being allowed to submit confidential settlement communications and economic terms it alleges the parties agreed upon. Id.

Defendant denies that it seeks enforcement of the document Plaintiff identifies as the "Unexecuted and Undelivered Draft Agreement" ("UUDA"); rather, it seeks to enforce what it alleges was "the complete settlement agreement reached on November 22, 2011." (Document No. 82, p.3).

On February 22, 2012, Plaintiff filed its "...Motion For Protective Order..." (Document No. 79), which essentially argues the same issues in the parties' papers regarding Defendant's motion

to seal.  Again, the parties agree that any documents filed in connection with ASA's proposed motion to enforce an alleged settlement agreement must be filed under seal, and disagree on the scope of documents that should be allowed and on whether economic terms must be redacted. (Document No. 79).  In short, Plaintiff argues that the "UUDA" or "Confidential Settlement Agreement" (Document No. 79-2), with its economic terms redacted, is the only document Defendant should be allowed to file in support of its proposed motion to enforce the parties' alleged settlement agreement, even though Defendant contends that it seeks to enforce a complete agreement reached on November 22, 2011, not the UUDA.

A case cited by both parties provides in pertinent part that

> [D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements. . . .
>
> [i]f an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily... "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement," Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997), and the fact that the agreement is not in writing does not render it unenforceable, Alexander v. Industries of the Blind, Inc., 901 F.2d 40, 41 (4th Cir.1990).

Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 540 (4th Cir. 2002) (citations omitted).  See also, Rauch Industries, Inc. v. Christopher Radko, et al., 3:07CV197-GCM, Document No. 194 (W.D.N.C. Sept. 20, 2010) and Bader v. Sossoman, 2:09CV049-MR, Document No. 35 (W.D.N.C. Sept. 8, 2010).

Under the circumstances of this case, the undersigned finds that adopting Plaintiff's "...Motion For Protective Order..." in full would make the Court's determination of whether there was a settlement agreement here, and what its terms and conditions were, extremely difficult, if not

3

impossible. The evidence Defendant proposes to submit to support its claim, including the economic terms, appears relevant to a determination of whether the parties had an agreement on November 22, 2011.

Plaintiff's arguments for restricting and/or redacting the information filed under seal are not persuasive, particularly in light of Plaintiff's own representations to this Court on November 22, 2011 that "Prospect and ASA (collectively the 'Settling Parties') have agreed to the principal terms of a settlement agreement, but require additional time to complete the drafting and execution of the settlement agreement." (Document No. 46). Moreover, Plaintiff on December 29, 2011, again represented to the Court that an agreement had been reached and that Plaintiff needed additional time "to discontinue this action as to ASA." (Document No. 60).

Based on the foregoing, the undersigned will grant Defendant's motion to seal, grant Plaintiff's protective order to the extent it requests that Defendant's proposed motion to enforce settlement agreement and attached documents be sealed, and deny Plaintiff's protective order to the extent it seeks to limit and/or redact Defendant's proposed submissions.

It is the Court's intention at this time to resolve the dispute over whether the parties reached a settlement agreement, assuming Defendant's proposed motion to enforce settlement agreement is expeditiously filed, prior to ruling on the pending motions to dismiss. The undersigned further observes that there is no dispute that even if these parties did not reach a settlement agreement, they at least came very close. In addition, other recent filings suggest that Plaintiff and Defendant Houlihan Smith & Company, Inc. also made significant progress toward settlement. See (Document Nos. 40, 56, 62). All these parties are respectfully encouraged to consider redoubling their efforts to resolve their disputes on mutually agreeable terms, in lieu of further Court intervention.

4

Case 3:09-cv-00465-MOC-DCK   Document 85   Filed 03/26/12   Page 4 of 5

**IT IS, THEREFORE, ORDERED** that Defendant Adkisson Sherbert Associates, P.A.'s "Motion To Permit Filing Of Materials Under Seal" (Document No.74) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiff Prospect Capital Corporation's Motion For A Protective Order..." (Document No. 79) is **GRANTED** in part and **DENIED** in part, as described herein.

Signed: March 26, 2012

David C. Keesler
United States Magistrate Judge