IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv465
[consolidating 3:09cv465 & 3:09cv546]

| | | |
|---|---|---|
| STANLEY MARVIN CAMPBELL, Trustee in Bankruptcy for ESA ENVIRONMENTAL SPECIALISTS, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | 3:09cv465 |
| NATHAN M. BENDER, | ) ) | |
| Defendant, | ) ) | |
| Vs. | ) ) | |
| PROSPECT CAPITAL CORPORATION; and STANLEY MARVIN CAMPBELL, | ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |
| _____ | ) ) | ORDER |
| PROSPECT CAPITAL CORPORATION, Individually and derivatively on behalf of ESA ENVIRONMENTAL SPECIALISTS, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | 3:09cv546 |
| NATHAN M. BENDER; DAVID C. EPPLING; JACOB COLE; JOHN M. MITCHELL; SHELTON SMITH; SANDRA DEE COLE; MICHAEL ANTHONY HABOWSKI; DENNIS M. MOLESEVICH; TRACEY HAWLEY; CHERRY BEKAERT & HOLLAND LLP; ELLIOT AND WARREN; ADKISSON, SHERBERT & ASSOCIATES; HOULIHAN SMITH; CHESTER J. BANULL; and SUNTRUST BANKS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the Motion of Plaintiff Prospect Capital Corporation ("Prospect") for Fed. R. Civ. P. 54(b) Certification, which is unopposed. Having considered such motion, the court enters the following findings and Order.

## FINDINGS

1. This action involves multiple parties and multiple claims. Specifically, Prospect asserts claims against Adkisson Sherbert & Associates ("ASA") ASA, Houlihan Smith & Company, Inc., SunTrust Banks, Inc., Sandra Cole and Dennis Molesevich.

2. Prospect has asserted claims of negligence, negligent misrepresentation and malpractice against ASA. By order entered August 30, 2012, the Court found that Prospect and ASA entered into an oral settlement agreement on November 22, 2011 releasing Prospect's claims against ASA. The Court directed Prospect and ASA to submit a Notice of Settlement within 30 days of its August 30, 2012 order.

3. Prospect now moves, without opposition from ASA, for certification of final judgment pursuant to Rule 54(b), which provides, in pertinent part:

   > (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

4. The purpose of a Rule 54(b) certification is "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" and "to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1336 (4th Cir. 1993); see also GMAC Mort., LLC v. Flick Mort. Investors, Inc., No.3:09-cv-125, 2012 WL 1098633 (W.D.N.C. March 31, 2012) (Conrad, C.J.).

5. The Court's determination of whether to certify a judgment as final under Rule 54(b) involves two steps. First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Second, the Court must determine whether there is any "just reason for delay" in entering judgment. Id. at 8. The Court should consider "judicial administrative interests as well as the equities involved." Id.

6. "The Fourth Circuit has listed several factors the Court should address, if applicable, when determining whether there is just reason for delay in the entry of judgment: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." GMAC, 2012 WL 1098633, at *3 (citing Braswell, 2 F.3d at 1335-36); see also Curtiss-Wright, 446 U.S. at 8; Fox v. Baltimore City Police Dep't, 201 F.3d 526, 531 (4th Cir. 2000).

7. The Court makes the following findings of fact, as required by Braswell:

8. Finality. The Court's enforcement of the disputed settlement resolves all claims asserted by Prospect against ASA in this litigation. Accordingly, the Court finds that its August 30, 2012 Order constitutes "an ultimate disposition of an individual claim

entered in the course of a multiple claims action", and is therefore a final judgment for purposes of Rule 54(b). See Curtiss-Wright, 446 U.S. at 7.

9.  No Just Reason for Delay.  Applying the five-factor test set forth in Braswell, the Court finds that there is no just reason for delay in certifying its August 30, 2012 Order as a final judgment.

   a.  Relationship Between Adjudicated and Unadjudicated Claims.  Although the legal claims asserted by Prospect against ASA arise from similar facts as Prospect's claims against other defendants remaining in this action, the August 30 Order addressed a unique defense asserted only by ASA - i.e., that Prospect's claims against ASA should be barred because Prospect allegedly made an oral agreement to settle them.  No other defendant in this action has asserted that it reached an oral settlement agreement with Prospect.  Even if another defendant were to assert such a defense in the future, it would relate to a distinct set of facts from the alleged ASA settlement - i.e., the particular negotiations that gave rise to a purported settlement with that defendant.  Accordingly, the Court finds that there is no relationship between the issues adjudicated in the August 30 Order and any remaining unadjudicated claims.

   b.  Possibility that Need for Review Might Be Mooted.  The August 30 Order conclusively resolved all claims asserted by Prospect against ASA, and proceedings relating to Prospect's claims against the remaining defendants in this action will have no effect on the Court's determination regarding whether Prospect and ASA reached an oral settlement agreement.  Accordingly, the Court finds that there is no reasonable possibility that the need for review of its August 30 Order might be mooted by future proceedings in this action.

   c.  Possibility Court Might Consider the Issue a Second Time.  As discussed above, the fact pattern underlying the August 30 Order - i.e., ASA's allegation that it

reached an oral settlement agreement with Prospect resolving all claims against ASA - is unique to Prospect's claims against ASA, and will not arise in connection with Prospect's claims against any remaining defendants. Accordingly, the Court finds that there is no reasonable possibility that it might consider the same issues addressed in the August 30 Order a second time.

d. Possibility of Set-off. Because the August 30 Order resolved all claims asserted by Prospect against ASA, and there are no counterclaims or other proceedings that are likely to affect Prospect's recovery under the enforced settlement with ASA, the Court finds that there is no reasonable possibility that future proceedings could result in a set-off affecting its August 30 Order.

e. Miscellaneous Factors. Under Braswell, the Court considers "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and the like." GMAC, 2012 WL 1098633, at *5 (citing Braswell, 2 F.3d at 1335-36). The Court finds that these miscellaneous factors weigh strongly in favor of Rule 54(b) certification.

>i. Delay. Because Prospect's claims against ASA relate to the same nucleus of fact as Prospect's claims against the remaining defendants - i.e., Prospect's decision to loan more than $12 million to ESA Environmental Specialists, Inc., and ESA's subsequent collapse - it would be inefficient to try Prospect's claims against ASA separately from Prospect's claims against the remaining defendants. If Prospect were to proceed against the remaining defendants now, and successfully appeal the August 30 Order when all its other claims are finally resolved, then Prospect and the Court would be forced to have a second jury trial against ASA raising many of the same issues already adjudicated with respect to the remaining defendants. This Court finds

that such seriatim proceedings would be inefficient and impose substantial unnecessary delay on the parties and the Court.

ii. Economic and Solvency Considerations. ASA has ceased operations and no longer exists as a going concern. Delaying the adjudication of Prospect's claims against ASA until the end of all other proceedings would increase the chance that, if Prospect's appeal is successful, ASA will be unable to satisfy a judgment against it.

iii. Time of Trial. Allowing an immediate appeal would, if Prospect's appeal is successful, "shorten[] the time of trial". <u>Braswell</u>, 2 F.3d at 1335-36. If Prospect were to try its overlapping claims against ASA and defendant Houlihan Smith in separate trials, then a substantial portion of each trial would be redundant, with many of the same witnesses, documents and arguments being presented to two different juries tasked with resolving identical issues. If, on the other hand, the Court certifies the August 30 Order as a final judgment, and Prospect prevails on its appeal, then Prospect's claims against ASA and Houlihan Smith can be resolved in a single proceeding, without needless duplication of time and effort.

10. For the reasons discussed above, the Court finds and concludes that its August 30 Order is final with respect to all claims between Prospect and ASA, and that there is no just reason to delay entry of final judgment with respect to those claims.

11. Based on these findings,

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion of Plaintiff Prospect Capital Corporation for Fed. R. Civ. P. 54(b) Certification is **GRANTED**, and the court directs that

its August 30, 2012, Order Granting in Part ASA's Motion To Enforce Settlement Agreement is entered as a **FINAL JUDGMENT** between ASA and Prospect.

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge