IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv465

| | |
|---|---|
| STANLEY MARVIN CAMPBELL, Trustee in Bankruptcy for ESA ENVIRONMENTAL SPECIALISTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROSPECT CAPITAL CORPORATION, individually and derivatively on behalf of ESA ENVIRONMENTAL SPECIALISTS, INC., <br><br> Consolidated Plaintiff, <br><br> v. <br><br> HOULIHAN SMITH & COMPANY, INC., ADKISSON, SHERBERT & ASSOCIATES, CHARLES J. COLE, SANDRA DEE COLE, MICHAEL ANTHONY HABOWSKI, DENNIS M. MOLESEVICH, and SUNTRUST BANKS, INC., <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court on the Objections (#111) of Prospect Capital Corporation (Prospect) to the magistrate judge's Memorandum and Recommendation (M&R) (#104), in which it is recommended that defendant Houlihan Smith & Company, Inc's (Houlihan Smith) Motion to Dismiss Plaintiff's Second Amended Complaint(#68) be allowed. For the reasons that follow, the Objections are overruled, the M&R is affirmed, and the Second Amended Complaint against Houlihan Smith is dismissed.[1]

---

[1] The court has also considered defendant's Response to those objections, which was filed in accordance with Fed.R.Civ.P. 72(b)(2). Plaintiff filed a Reply to that Response, which is not anticipated by Rule 72(b)(2).

-1-

# FINDINGS AND CONCLUSIONS

## I. Nature of the Action

Like a number of civil and criminal cases this court has recently considered, this action concerns the fraudulent procurement of funds from a lender in the last decade. In this case, however, it appears that the officers and directors of Charlotte-based ESA Environmental Specialists, Inc. (ESA) allegedly conspired with others to obtain 12 million dollars in financing for capital improvements, but diverted such funds to their own personal use through a *Ponzi* scheme, which apparently involved the generation of bogus construction invoices for services and goods never delivered. This scheme, at it was destined to do, resulted in ESA being unable to repay the debt and seeking protection of the bankruptcy court in this district.

In bankruptcy, the lender and now plaintiff herein, Prospect Capital Corporation (Prospect), purchased the assets of ESA. Having purchased the assets of ESA - - including any causes of action it may have had - - Prospect has sued, among others, three primary groups: the former officers and directors of ESA; the outside companies supposedly involved in the *Ponzi* scheme; and a group of defendants - - "the professional defendants" - - which appear to be companies that either prepared or made available to the lender financial reports supposedly relied on by Prospect in lending to ESA.

Presently before the court is a Motion to Dismiss filed by one of the professional defendants, Houlihan Smith & Company, Inc. (Houlihan Smith), in which it contends that Prospect has failed to state a cause of action against it despite three years of litigation and plaintiff having had three opportunities to do so, ultimately resulting in a Second Amended Complaint. For the reasons that follow, the court concurs fully with the magistrate judge's

assessment in the Memorandum and Recommendation that Prospect has not stated a claim against Houlihan Smith, will affirm the recommendation, and overrule Prospect's objections.

## II.     Allegations of the Second Amended Complaint Pertinent to Prospect's Claims

In its Second Amended Complaint (#30), Prospect alleges that Houlihan Smith "is a corporation with related affiliates" with an address in Chicago, Illinois. Id., at 2. Further, Prospect alleged that Houlihan Smith prepared a "confidential offering memorandum ("Offering Memorandum") dated December 2006," that was provided to Prospect by ESA. Id., at 8.  Plaintiff contends in the Second Amended Complaint that

> Houlihan knew or should have known that lenders (such as Prospect) would be relying on the false information in the Offering Memorandum in deciding whether to extend credit to ESA.

Id.  Plaintiff further alleged that Houlihan Smith owed a duty of care in preparing the Offering Memorandum "consistent with the generally accepted standards of the accounting and auditing professions." Id., at 9.  Prospect goes on to allege that Houlihan Smith and/or Jay Rodgers of Houlihan also advised Prospect on the investment in ESA by telephone and/or email, provided updated financials via email, and transmitted to Prospect due diligence materials in order for ESA to obtain loans from Prospect.  Id.  As the magistrate judge pointed out, plaintiff does not, however, allege that these additional calls, emails and/or materials were false, inaccurate, or otherwise misleading.

## III.    Rule 12(b)(6): Applicable Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claims and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in its complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by

the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

### IV. Discussion

#### A. The Magistrate Judge's Recommendation

Before the magistrate judge, Houlihan Smith contended that Prospect's claims fail under either New York or North Carolina law because:

> (1) Houlihan does not owe Prospect a duty of care and (2) Prospect's reliance, if any, on the allegedly inaccurate financial information does not give rise to a claim against Houlihan because Houlihan did not prepare the financial information and specifically told Prospect as much in the Memorandum's numerous disclaimers.

Memorandum in Support (#69), at 2. In essence, Houlihan Smith contends that since it did not prepare or verify the financial information that Prospect claims was inaccurate, and disclaimed as much in the Offering Memorandum which was attached as an exhibit to the Second Amended Complaint, and because Prospect has failed to allege what professional duty it breached to Prospect, the claims must be dismissed. In considering such arguments, the magistrate judge concluded, as follows:

> After careful review of the Complaint and its attachments, the undersigned finds that Plaintiff has failed to allege plausible facts to support its claims of negligence and negligent misrepresentation as to Defendant Houlihan. In particular, the undersigned notes that although Plaintiff contends that "the duty of care owed by Houlihan was to prepare the Offering Memorandum consistent with the generally accepted standards of the accounting and auditing professions," Plaintiff asserts no facts to support such a duty. (Document No. 30, p.9). Nowhere in the Complaint or exhibits is there any indication that Houlihan is in the accounting or auditing professions, or otherwise bound to such a duty.

M&R (#104), at 8.

### B. Prospect's Objections

Prospect objects to the magistrate judge's recommendation for "the reasons discussed in Prospect's Memorandum in Opposition to Houlihan's Motion To Dismiss Plaintiff's Second Amended Complaint" (Objections (#111), at 2), and has raised the following specific objections:

(1) Houlihan Smith never argued that, to state a claim under North Carolina law, Prospect must allege that Houlihan Smith had a duty to

prepare the Offering Memorandum consistent with GAAS. Houlihan Smith did argue, without citation, that "Prospect has not alleged facts to show that Houlihan Smith should be treated as an accountant or other professional under New York law", but never argued that the question of whether Houlihan Smith served as an accountant was relevant to Prospect's claims under North Carolina law;

(2) if Houlihan Smith had argued that Prospect must allege that Houlihan Smith is subject to an accountant's GAAS duty of care, such an argument would have been frivolous. North Carolina negligent misrepresentation claims may be asserted against anybody – accountant or not – who, in the course of his business, supplies information for the guidance of others in business transactions.

(3) Prospect's allegations in paragraphs 50 and 126 of the SAC identifying Houlihan Smith's standard of care as "consistent with the generally accepted standards of the accounting and auditing professions," do not require Prospect to plead that Houlihan Smith actually served as an accountant or auditor; and

(4) the level of "reasonable care and competence" required of Houlihan Smith is a jury question and should not be resolved at the motion to dismiss stage. In negligent misrepresentation cases, "[w]hat is reasonable is, as in other cases of negligence, dependent upon the circumstances. It is, in general, a matter of the care and competence that the recipient of the information is entitled to expect in the light of the circumstances and this will vary according to a good many factors.

In its memorandum, Prospect has asserted additional arguments in support of such objections. Houlihan Smith has filed a response to those objections, which also incorporates its memorandum in support of its Motion to Dismiss. The M&R is now ripe for review.

**1. First Objection: Failure to Argue that Prospect Failed to Allege that Houlihan Smith had a Duty to Prepare the Offering Memorandum Consistent with GAAS**

In the first objection, Prospect contends that because Houlihan Smith did not argue in its Motion to Dismiss that Prospect failed to allege what duty it owed *under North Carolina law*, the magistrate judge erred in considering such as a basis for recommending dismissal of its claims for negligence and negligent misrepresentation. This objection is overruled, as it is clear from the record that Houlihan Smith in fact made such an argument,

–7–

albeit under both New York and North Carolina law. See Memorandum in Support (#69), at 7, 9 & 13. The magistrate judge held that "Prospect asserts no factual basis for finding that Houlihan owed a duty of care 'consistent with the generally accepted standards of the accounting and auditing professions.'" M&R, at 9.

The fundamental flaw with plaintiff's argument both before the magistrate judge and here is that it cannot argue that liability can arise under either North Carolina or New York law without a "duty" that would have obligated Houlihan Smith to verify or audit the financial information contained in the offering. Indeed, the very Offering Memorandum, which is annexed to Second Amended Complaint, specifically states that Houlihan Smith undertook no such review and made no such representations to Prospect. This objection is overruled.

> 2. **Second Objection: Houlihan Smith's Argument that Prospect Must Allege an Accountant's Duty of Care is Frivolous**

In its second objection, Prospect contends that any argument that it must allege that Houlihan Smith was subject to an accountant's GAAS duty of care is frivolous. This objection misses the mark as it was Prospect that opened the door in its Second Amended Complaint by alleging, as follows:

> 50. Houlihan owed a duty of care not just to ESA, but also to persons and entities that it reasonably knew would rely upon the Offering Memorandum. The duty of care owed by Houlihan was to prepare the Offering Memorandum consistent with the generally accepted standards of the accounting and auditing professions.

Second Amended Complaint, at ¶ 50. Further, the recommendation was not as narrow as the Objection suggests, inasmuch as the magistrate judge found "[n]owhere in the Complaint or exhibits is there any indication that Houlihan is in the accounting or auditing professions, or otherwise bound to such a duty." M&R, at 8. The crux of Houlihan Smith's motion and the

magistrate judge's recommendation is the lack of Prospect being able to allege plausible facts that would support a finding in Prospect's favor on an essential element of either claim - - duty, regardless of the source. Prospect's second objection is overruled.

     **3.**     **Third Objection: Prospect Need Not Allege Facts that Could Prove the Alleged Standard of Care**

In its third objection, Prospect contends that it was not required to plead that Houlihan Smith actually served as an accountant or auditor in order to support imposition of a standard of care "consistent with the generally accepted standards of the accounting and auditing professions" as alleged in the Second Amended Complaint. The magistrate judge recognized that Prospect must allege plausible facts that would support the imposition of whatever duty Houlihan Smith had to provide Prospect with accurate information. The magistrate judge properly concluded that "Prospect asserts no factual basis for finding that Houlihan owed a duty of care 'consistent with the generally accepted standards of the accounting and auditing professions.'" M&R, at 9. The third objection is overruled.

     **4.**     **Fourth Objection: What is Reasonable Care is a Jury Question**

In the fourth objection, Prospect contends that the level of "reasonable care and competence" required of Houlihan Smith is a jury question and should not be resolved at the motion to dismiss stage. While this court agrees with Prospect that determining whether a defendant's professional acts met a level of reasonable care and competence is subjective and therefore a jury question when the issue is properly presented to a jury, it is a plaintiff's obligation to allege plausible facts upon which a reasonable fact finder could determine that defendant had a *duty* to exercise such care and competence in its dealings with plaintiff. The magistrate judge properly determined that the facts alleged in the Second Amended Complaint do not plausibly support that "Houlihan failed to exercise reasonable care or

competence in obtaining or communicating the information." M&R, at 11.

The fundamental problem with Prospect's claims against Houlihan Smith is that it can point to no duty which this defendant owed to this plaintiff. Further, the documents annexed to the Second Amended Complaint indicate that Prospect cannot plausibly assert that Houlihan Smith did anything more that pass along information that it received - - a mere conduit. "[E]xhibits to the complaint are a part of the complaint . . . in the event of a conflict between the bare allegations of the complaint and any exhibit attached ... the exhibit prevails." Fayetteville Investors v. Commercial Builders, Inc., 936 f.2d 1462, 1465 (4th Cir. 1991). Further, the disclaimer language of the offering memorandum clearly indicate that Houlihan Smith had no duty to Prospect:

> Neither Houlihan nor any of its affiliates has independently verified any of the information and data contained herein and the same are enclosed for informational purposes only. No representation or warranty is made by Houlihan or its affiliates as to the accuracy or completeness of such information. Houlihan and its affiliates shall not have any liability for any representations (expressed or implied) contained in, or any omissions from, this Confidential Offering Memorandum or any other written or oral communication transmitted to the recipient hereof in the course of its evaluation of the proposed financing.
>
> The information contained herein has been prepared to assist interested parties in making their own evaluations of the proposed financing and does not purport to be all inclusive or to contain all of the information that a prospective buyer may desire.
>
> **It is understood that each recipient of this Confidential Offering Memorandum will, in determining whether to participate in the proposed financing described herein, make its own appraisal of, and investigation into, the financial condition and creditworthiness of ESA and the other parties to the transactions described herein based upon such information as it deems relevant and without reliance on ESA, THS or any of their respective affiliates.**
>
> This information and data are not a substitute for the recipient's independent evaluation and analysis and should not be considered as a recommendation by Houlihan or any of its affiliates that any recipient enters into the proposed transaction described herein. None of ESA, THS or Houlihan or any of their

> respective affiliates, makes any representation or warranty that this Confidential Offering Memorandum is sufficient for the recipient's credit evaluation process.

Complaint, Ex. A, at 3-4 (emphasis in the original). The fourth objection is overruled.

### C. Further Review of the Memorandum and Recommendation

Each party has reasserted the arguments they made in their initial briefs in filing objections or responses to objections, and have essentially reargued matters that were before the magistrate judge. The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant

relief in accordance therewith.[2]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#111) of Prospect Capital Corporation to the magistrate judge's Memorandum and Recommendation (#104) are **OVERRULED** for the reasons herein discussed and for the reasons discussed in Houlihan Smith's response to such objections, the Memorandum and Recommendation (#104) is fully **AFFIRMED** and adopted by this court as it's own decision, and Houlihan Smith & Company, Inc's Motion to Dismiss Plaintiff's Second Amended Complaint(#68) is **ALLOWED**, and the claims asserted against Houlihan Smith & Company, Inc. in its Second Amended Complaint for negligence and negligent misrepresentation are **DISMISSED**.

Signed: December 10, 2012

Max O. Cogburn Jr.
United States District Judge

---

[2] The court notes that Prospect has, in a footnote to its objections, requested leave to amend its Complaint for a third time. While such a request is procedurally improper under Local Civil Rule 7.1 as it is not set forth as a separate motion, the court can find no reason to allow further amendment as the pleadings before the court indicate that further amendment would be futile. While Foman v. Davis, 371 U.S. 178, 182 (1962), mandates a liberal reading of Rule 15's direction for free allowance of amendment, amendment should not be allowed where there is "repeated failure to cure deficiencies by amendments previously allowed . . . [or] futility of amendment . . . ." In this case, there have been repeated failure to correct the deficiency despite specific direction from this court on how to resolve such problem, as pointed out by the magistrate judge in his M&R. The court must conclude that the reason that Prospect cannot make such plausible factual allegations is not due to oversight, but due to the pleading obligations of Rule 11, a conclusion which is fully supported by reading Exhibit A to the Second Amended Complaint. The request is, therefore, denied.